IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PROGRESSIVE GARDEN STATE
INSURANCE COMPANY,

    Plaintiff,

v.                                                                                                                          Civ. No. 21-1200 KK/JHR

ANDREA RYAN-DAVIS, *individually and on behalf of her*
*Minor child, B.D.,* and HAYLEY DAVIS,

    Defendants.

## ORDER APPROVING SETTLEMENT ON BEHALF OF MINOR

THIS MATTER is before the Court on the Defendants' Petition for Appointment of Guardian Ad Litem, Fairness Hearing and Sealing of Related Proceedings (Doc. 16), filed October 20, 2022, the Guardian ad Litem's Report (Doc. 20), filed December 8, 2022, and the Confidential Supplemental Report of the Guardian ad Litem (Doc. 24), filed January 3, 2023. The Court held a sealed fairness hearing on the record on December 13, 2022, and January 4, 2023. (Docs. 21, 25.)

"A trial court in an action involving minor children has a special obligation to see that they are properly represented, not only by their own representatives, but also by the court itself." *Garcia v. Middle Rio Grande Conservancy Dist.*, 1983-NMCA-047, ¶ 30, 664 P.2d 1000, 1006 (citations omitted), *overruled on other grounds by Montoya v. AKAL Sec., Inc.*, 1992-NMSC-56, ¶ 12, 838 P.2d 971, 974. "It is well-settled law that when the case involves children, the trial court has broad authority to fashion its rulings in [the] best interests of the children." *Chisholm v. Rueckhaus*, 1997-NMCA-112, ¶ 12, 948 P.2d 707, 712. "In passing upon settlements dealing with claims or rights of minors, the court must determine whether the approval of a compromise would be in the best interests and welfare of the minor child." *Garcia*, 664 P.2d at 1006. "[W]hen a settlement involving minors is presented to a court for approval and the information before the court indicates

that the settlement is not fair to the minor, the court must reject the settlement." *Shelton v. Sloan*, 1999-NMCA-048, ¶ 42, 977 P.2d 1012, 1020.

In reviewing the fairness of the settlement entered into by the parties herein, the Court has been guided by the following factors:

> (1) whether the proposed settlement was fairly and honestly negotiated; (2) whether serious questions of law and fact exist, placing the ultimate outcome of litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and, (4) the judgment of the parties that the settlement is fair and reasonable.

*Jones v. Nuclear Pharm., Inc.*, 741 F.2d 322, 324 (10th Cir. 1984) (hereinafter, the "*Jones* factors"). The Court has reviewed the report and supplemental report of the Guardian ad Litem for the minor child, and all other pleadings filed on the docket in this case. The Court has also considered the fairness hearing presentations of the parties' attorneys and the Guardian ad Litem, and the sworn testimony of Andrea Ryan-Davis, who is the parent of the minor child. The report of the Guardian ad Litem is thorough, detailed, and comprehensive in describing the steps the Guardians ad Litem took and the documents she reviewed in investigating the settlement's fairness and making her report to the Court. Additionally, the Guardian ad Litem's report specifically addresses each of the *Jones* factors identified above and she proposes that the minor's settlement proceeds be held for her sole benefit in a Uniform Transfer to Minors Account until the child reaches the age of majority.

The Court, being fully advised in the premises, hereby FINDS as follows:

1. The Court has jurisdiction over the parties and subject matter herein.

2. Defendant Andrea Ryan-Davis fully understands the terms of the settlement and the proposed distribution of funds as it relates to the minor child.

3. The settlement entered into by the parties is fair, reasonable, and in the minor child's best interest, and should be approved and confirmed by the Court.

4. With respect to the *Jones* factors, the Court specifically finds that: (a) the settlement herein was negotiated honestly and fairly; (b) serious questions of law and fact place the ultimate outcome of the litigation in doubt; (c) the value of a swift and certain recovery outweighs the possibility of greater future relief after lengthy and costly litigation; and, (d) the settlement is fair and reasonable in the judgment of the parties and in its effect in light of the minor child's own claims, the damages in the case, Progressive and its insured's defenses, the burdens of ongoing litigation, and the unpredictability of a trial.

5. The attorney's fees and distribution of settlement funds proposed in the Guardian ad Litem Report (Doc. 20) is in all respects fair, proper, reasonable, and in the best interest of the minor child.

6. Deposit of the minor's settlement proceeds into a Uniform Transfer to Minors Account to be held for the sole benefit of the minor child, as proposed by the Guardian ad Litem, is an essential condition of this Court's approval of the settlement. The Guardian ad Litem's recommendation in this regard is fair, proper, reasonable, and in the best interest of the minor child, in light of her age at the time of this settlement approval.

IT IS THEREFORE ORDERED, ADJUDGED, and DECREED as follows:

1. The parties' settlement involving the minor child entered into by the parties is hereby APPROVED.

2. All funds from the settlement for the minor child shall be deposited into a Uniform Transfer to Minors Account which shall be held for the sole benefit of the minor and administered in accordance with the Guardian ad Litem's recommendation.

3.      The Guardian ad Litem is hereby discharged from all further duties.

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent